# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT
_____

Nos.  01-2742WA, 01-3114WA
_____

| | | |
|---|---|---|
| Brenda Deann Birmingham, | * | |
| | * | |
| Appellee/Cross-Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| | * | |
| Omaha School District; David Land, | * | |
| Superintendent of the Omaha School | * | |
| District; Randy J. Centers, Principal | * | |
| of the Omaha School District; Larry | * | |
| Gilbert, as a Current or Former Member | * | |
| of the Omaha School Board; Larry | * | On Appeal from the United |
| Matlock, as a Current or Former | * | States District Court |
| Member of the Omaha School Board; | * | for the Western District |
| Lanny Fuefett, as a Current or Former | * | of Arkansas. |
| Member of the Omaha School Board; | * | |
| Pam Gass, as a Current or Former | * | |
| Member of the Omaha School Board; | * | |
| David Arnold, as a Current or Former | * | |
| Member of the Omaha School Board; | * | |
| Bill Curtis, as a Current or Former | * | |
| Member of the Omaha School Board; | * | |
| Mike Fulton, as a Current or Former | * | |
| Member of the Omaha School Board; | * | |
| and James Strain, Omaha High School | * | |
| Special Education Teacher, | * | |
| | * | |
| Appellants/Cross-Appellees. | * | |

_____

Submitted:   June 12, 2002
Filed:   August 8, 2002
_____

Before WOLLMAN, RICHARD S. ARNOLD, and LOKEN, Circuit Judges.
_____

RICHARD S. ARNOLD, Circuit Judge.


This is a dispute between a school district and a parent about the educational rights of a student under the Individuals with Disabilities Education Act (IDEA).  In an earlier opinion, this Court determined that the Omaha (Arkansas) School District violated Brenda Birmingham's right to a free and appropriate public education when it graduated her at age 18, because the IDEA entitles her to education until she is age 21.  See Birmingham v. Omaha Sch. District, 220 F.3d 850 (8th Cir. 2000).  We remanded the case to the District Court to establish the "nature and extent of the compensatory education to which Brenda is entitled" to remedy this violation.  Id. at 857.

On remand, the District Court[1] awarded attorneys' fees to the Birminghams' attorney, and he withdrew as counsel, having been appointed judge of a state court. The school district appeals this award of fees, contending that because the Birminghams presently refuse to allow Brenda's compensatory education to begin, they are not prevailing parties entitled to fees.  The Birminghams also appeal, arguing that the District Court erred in approving an Individualized Education Plan (IEP) for

---

[1]The Hon. H. Franklin Waters, late a United States District Judge for the Western District of Arkansas.

Brenda that is insufficient in length and content to compensate her for her loss of education. We affirm the District Court's resolution of both issues.

I.

The attorney who represented the Birminghams in their first appeal to this Court withdrew as counsel a few months after we remanded this case. He filed a motion to withdraw, helped the Birminghams find new counsel, and then filed a motion for a partial award of attorneys' fees for his work in the case. He requested $20,997 in fees, calculated at $120 per hour for services rendered between May 1995 and March 2001. The school district did not respond to the motion for fees, and the District Court awarded the full amount requested. The school district filed a motion for reconsideration, which the District Court denied.

On appeal, the school district argues that the Birminghams are not a "prevailing party" and therefore are not entitled to attorneys' fees. In the alternative, it argues that the Court failed to give careful scrutiny to the fee request. We reject both contentions.

We review de novo the determination of prevailing party status. See Warner v. Independent Sch. District No. 625, 134 F.3d 1333, 1336 (8th Cir. 1998). A litigant is a "prevailing party" if he obtains "actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111-12 (1992). The school district argues that because the Birminghams have refused to allow the compensatory education to begin, they have thereby lost their status as prevailing parties.

We do not agree with this proposition. In our prior opinion, we determined that "[i]t is clear . . . that the IDEA was violated" when the school district graduated

Brenda before she was 21 years old. Birmingham, 220 F.3d at 853. To remedy this violation, we remanded the case "to determine the nature and extent of compensatory education to which Brenda is entitled." Id. at 857. When this Court ordered the school to provide such education, we altered the legal relationship between the parties by granting Brenda a legal right previously denied to her by her school. This is actual relief on the merits of Brenda's IDEA claim. She would be directly benefitted by such compensatory education, since it would repair the harm she suffered from being deprived of her educational rights. This right to compensatory education suffices to make the Birminghams a "prevailing party" entitled to attorneys' fees.

The fact that the Birminghams have refused, up to now, to allow the compensatory education to begin, and the ongoing dispute between the parties about whether the IEP approved by the District Court is sufficient, do not alter the Birminghams' status as prevailing parties. First, the school district incorrectly construes the Birminghams' present rejection of compensatory education as a "total and manifest" rejection. School District's Brief 8. The Birminghams have not waived their right to compensatory education by refusing to agree to an IEP they believe is insufficient. They have the right to challenge the length and content of the IEP in this appeal. Their decision to do so does not remove the school's duty to remedy its wrong.

We review an award of attorneys' fees for abuse of discretion. Warner, 134 F.3d at 1336. The school district alleges that the District Court failed to engage in a careful review of the fee application, and instead "uncritically granted the Appellees every penny of their request," School District's Brief 3, "apparently solely because the Appellants did not respond to the fee request." Id. at 5. When a fee request is unopposed, a court is justified in assuming there is no reason to deny it. In addition, in its order denying the school's motion for reconsideration of the fee award, the District Court engaged in an appropriately detailed review of the evidence on fees. For example, the Court noted that "[n]o single expenditure of time appears to be

excessive" and that "[t]he fee petition is supported by affidavits and by an itemized billing." Birmingham v. Omaha Sch. Dist., No. 98-3030, slip op. at 7 (W.D. Ark. May 1, 2001). This is sufficient to convince us that the District Court did not abuse its discretion in awarding fees of $20,997 for five years of legal work on this matter.

## II.

The Birminghams also have filed an appeal with this Court. They argue that on remand the District Court erred in approving an Individualized Educational Plan (IEP) for Brenda that was not sufficient in length or content to remedy the harm she suffered from her early graduation. The problem with this argument is that the Birminghams, through counsel, agreed to most elements of the IEP, including its length and content, on multiple occasions. Plaintiffs did not agree that educational services could be performed by an employee of the district, but our own review of the IEP has not persuaded us that the Plan is legally insufficient for that reason. For these reasons, we affirm the District Court's approval of the IEP plan.

In the prior appeal to our Court, we ordered the District Court to design an award of compensatory education for Brenda. On remand, the District Court referred this issue to a Magistrate Judge.[2] The parties began negotiations and had Brenda's educational skills evaluated. In April 2001, the Magistrate Judge requested that the parties update her on the progress of negotiations, including the "extent of the disagreement." Birminghams' App. 13. In May 2001, the Birminghams' attorney wrote to the Magistrate Judge that "[i]t appears that the parties do agree that the proposed IEP is appropriate except that the provisions of the IEP should not be carried out by the Omaha School District but should be carried out by a certified teacher in the home of Rose Birmingham and the expense of said teacher to be paid

---

[2]The Hon. Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas.

for by the Omaha School District." Birminghams' App. 15b. Rose Birmingham, Brenda's mother, was copied on this letter.

The Magistrate Judge then referred the matter back to the District Court, which directed the parties to file a statement of reasons and evidence supporting their respective positions on who should teach Brenda. On July 19, 2001, the District Court ruled that because the Omaha School District had a qualified special-education teacher, it was not legally required to pay for a private instructor.

The Birminghams filed a motion for reconsideration of this order, contending that the parties "have never reach[ed] an agreement" as to an IEP for Brenda. Birminghams' App. 22. Further, they argued that the length and content of Brenda's IEP was insufficient. The District Court denied the motion for reconsideration, stating that the Birminghams were raising new issues that it declined to consider.

On appeal, the Birminghams renew the arguments made in their motion for reconsideration. They state that the "Birminghams did not at any time assent" to an IEP for Brenda. Birminghams' Brief 5. We do not see how this statement can be correct. Numerous items in the record reflect that the parties had reached an agreement about the IEP, with the exception of whether the district's teacher or a private instructor would provide the education. For example, the Birminghams' counsel wrote in a letter to the Magistrate Judge that "the parties do agree that the proposed IEP is appropriate" except for the teacher-selection issue. Birminghams' App. 15b. Although this letter was written by counsel, Rose Birmingham was copied on this letter. She has not told this Court that she failed to receive this letter, or even that she disagreed with that statement at that time. Additionally, the Magistrate Judge informed counsel for both parties that she understood that the parties had agreed "to the content of the IEP," again with the exception of who the teacher should be. Birminghams' App. 16. Judge Waters reiterated this understanding of the situation in his order directing the parties to file evidence supporting their teacher selection.

-6-

At none of these points did the Birminghams object to these statements or express any disagreement about the length and content of the IEP.

Therefore, we agree with the District Court that the objections to the IEP are not timely. These objections appear to have materialized only upon the District Court's resolution of the teacher-selection issue against the Birminghams. The Birminghams may not rescind all prior statements, especially those repeatedly made to the District Court, because they do not like the District Court's decision on a related issue. The IEP plan as approved by the District Court is affirmed.

We note, however, that at the oral argument in this case counsel for the school district unconditionally undertook to provide educational services to Brenda for three years. We accept this assurance, and direct that it be made part of the District Court's order to be entered on remand.

The Birminghams do not directly challenge the District Court's decision that the school's special education teacher is qualified and should deliver the compensatory education. They do, however, request that this Court order Brenda's education be provided by a private organization. However, the Birminghams do not supply this Court with any evidence that the school's special education teacher is not qualified. School districts are not required to pay for private placements if they can themselves provide the educational services necessary to give a disabled student a free and appropriate public education. See 20 U.S.C. § 1412(a)(10)(C)(i). The District Court correctly resolved this dispute. We affirm in all respects the IEP approved by the District Court, except that the defendant's position with respect to the three-year duration of the plan is accepted.

In sum, we affirm the District Court's award of attorneys' fees. We also affirm its orders concerning Brenda's IEP plan. The District Court approved a plan of compensatory education sufficient to remedy the violation we identified in our earlier

opinion.  The Birminghams can, of course, continue to refuse the school district's educational services.  That is their right.  However, if and when Brenda begins receiving compensatory education from the school district, we trust that the parties will evaluate the IEP periodically as required by the IDEA, see 20 U.S.C. § 1414(d)(4)(A)(i), and cooperate to resolve any new issues that arise in the course of providing Brenda with educational services.  On remand, the District Court is directed to enter an order approving the IEP submitted by the school district, providing, however, that its duration shall be three years.

It is so ordered.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.